UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEIGH ANNE ZAPPIN,

                     Plaintiff,              15-cv-7271 (PKC) (JCF)

      -against-

                                     ORDER ADOPTING REPORT
                                     AND RECOMMENDATION

HARRIET NEWMAN COHEN and COHEN
RABIN STINE SCHUMANN LLP,

                     Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On March 5, 2016, Magistrate Judge James C. Francis issued a Report and Recommendation (the "R&R") recommending that this action be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P., due to plaintiff Leigh Anne Zappin's failure to serve process on the defendants. (Docket # 5.) Leigh Anne Zappin is proceeding on her own behalf pro se.

        Defendant Harriet Newman Cohen objects to the R&R. She argues that rather than dismissing without prejudice based on Rule 4(m), the action should be dismissed with prejudice, and the docket should be permanently sealed due to the "scurrilous and demonstrably false" statements purportedly contained in the Complaint. (Docket # 6.) Cohen has separately filed a motion to dismiss under Rule 41(b), Fed. R. Civ. P. for failure to prosecute. (Docket # 16.)

        Anthony Zappin, a non-party to this action, has filed a motion to seal Cohen's objections to the R&R. (Docket # 12.) Though a non-party to this action, Anthony Zappin also

has filed a memorandum in opposition to Cohen's motion to dismiss for failure to prosecute. (Docket # 20.)  The motion is not directed to Cohen's arguments concerning Leigh Anne Zappin's failure to prosecute, but instead addresses sealing issues and unrelated areas of disagreement between Cohen and Anthony Zappin.

For the reasons explained, the R&R is adopted in its entirety.  Cohen's objections to the R&R are overruled and her motion to dismiss for failure to prosecute is denied.  The sealing issues raised by Cohen and non-party Anthony Zappin are addressed in a separate Order on Sealing.

THE R&R IS ADOPTED IN ITS ENTIRETY.

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  Rule 72(b), Fed. R. Civ. P.  To the extent that a party makes specific objections to a magistrate judge's conclusions, the Court must undertake a de novo review of such objections.  See 28 U.S.C. § 636(b)(1); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

The Complaint in this action was filed on September 15, 2015.  (Docket # 1.)  It asserts several common-law tort claims, with federal jurisdiction premised on diversity of citizenship.  (Docket # 1.)  On September 22, 2015, this Court referred the action to Magistrate Judge Francis for general pretrial supervision.  (Docket # 3.)

On February 11, 2016, Magistrate Judge Francis issued an Order stating that more than 120 days had elapsed since the Complaint was filed, and that there was no indication that service had been effectuated upon any defendant.  (Docket # 4.)  The Order directed Leigh Anne Zappin to advise the Court as to why the action should not be dismissed pursuant to Rule 4(m) for failure to effectuate service of process.  (Docket # 4.)

On March 8, 2016, Magistrate Judge Francis issued the R&R, which noted that Leigh Anne Zappin had made no submission in response to his February 11 Order. (R&R at 1.) Magistrate Judge Francis therefore recommended that this Court dismiss the Complaint without prejudice pursuant to Rule 4(m). (R&R at 1.)

Rule 4(m) states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[1]

Affording Leigh Anne Zappin special solicitude as a plaintiff proceeding pro se, the fact remains that she failed to serve process upon the defendants. In response to the Order of Magistrate Judge Francis, she proffered no explanation for the failure to serve process. Leigh Anne Zappin also has filed no objections to the R&R, and has submitted no filings or communications with the Court since the commencement of this action.

The R&R is well reasoned and supported by the record and governing law. The R&R is therefore adopted in its entirety, and the action is dismissed without prejudice pursuant to Rule 4(m).

COHEN'S OBJECTION IS OVERRULED.

Defendant Cohen objects to the R&R to the extent that it recommends dismissal of this action without prejudice. She argues that instead, the action should be dismissed with prejudice due to several allegations that she contends are "scandalous," including "falsehoods" lacking in merit.

---

[1] Effective December 1, 2015, Rule 4(m) was amended to require service of process within 90 days of a complaint's filing.

However, the text of Rule 4(m) expressly provides that any dismissal made thereunder must be without prejudice.  Because Rule 4(m) does not provide for dismissal with prejudice, Cohen's objection is overruled.

COHEN'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE IS DENIED.

Cohen's separate motion to dismiss for failure to prosecute is denied.  Rule 41(b) states in relevant part:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal under Rule 41(b) should "be utilized only in extreme situations," and a district court must weigh five factors that "significantly cabin" its discretion.  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quotation marks omitted); accord Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) ("[A] pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme.") (quotation marks omitted).

The five factors to be weighed by a district court are: "'(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

In moving to dismiss for failure to prosecute, Cohen's motion does not explain how these five factors weigh in favor of dismissal for failure to prosecute, but instead emphasizes the inflammatory nature of the Complaint's character.  The Court separately notes that Leigh Anne Zappin was not advised that her inaction could present the risk of dismissal for

failure to prosecute under Rule 41(b), as opposed to dismissal under Rule 4(m) for failure to effectuate service of process. In addition, the only Order that Leigh Anne Zappin disobeyed related to her obligations to serve process, which was the basis for dismissal under Rule 4(m).

The Court therefore concludes that dismissal is appropriate pursuant to Rule 4(m), but not pursuant to Rule 41(b). The motion to dismiss for failure to prosecute is therefore denied.

CONCLUSION.

The R&R is adopted in its entirety. The objections of defendant Harriet Cohen are overruled. The Clerk is directed to close the case.

The motion to dismiss for failure to prosecute is DENIED, and the Clerk is directed to terminate the motion. (Docket # 16.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 27, 2016